SILVA v ADA TOWNSHIP (ON REMAND)

Docket No. 69155. Submitted February 1, 1983, at Lansing.—Decided
March 9, 1983. Leave to appeal applied for.

A. Clare Silva and Karen J. Silva applied for the rezoning of
their land to allow the mining of gravel on the land. The Ada
Township Board denied the application and the Silvas brought
an action against the township, alleging that the present zon-
ing ordinance and the township's denial of the rezoning were
unconstitutional. Several neighboring landowners were allowed
to intervene as defendants. The Kent Circuit Court, George V.
Boucher, J., entered a judgment in favor of the defendants.
Plaintiffs appealed. The Court of Appeals affirmed. 99 Mich
App 601 (1980). Plaintiffs appealed to the Michigan Supreme
Court by leave granted. The Supreme Court reversed, holding
that the Court of Appeals applied the wrong legal standard,
and remanded the matter to the Court of Appeals for further
consideration. 416 Mich 153 (1982). *Held:*

The trial court record establishes that there are valuable
natural resources on the property which plaintiffs seek to have
rezoned and that no "very serious consequences" would result
from the extraction of those natural resources. The Supreme
Court has mandated that zoning regulations which prevent the
extraction of natural resources are invalid unless "very serious
consequences" will result from the proposed extraction. Accord-
ingly, the trial court is reversed and defendant township is
ordered to rezone plaintiffs' property so as to permit the extrac-
tion of gravel subject to the conditions proposed by the plain-
tiffs in their March 21, 1978, application for rezoning.

Reversed.

ZONING — NATURAL RESOURCES — MINES AND MINING.
Zoning regulations which prevent the extraction of natural re-

REFERENCES FOR POINTS IN HEADNOTE
82 Am Jur 2d, Zoning and Planning §§ 138, 139.
Prohibiting or removal or exploitation of oil and gas, minerals, coil,
or other natural products within municipal limits. 10 ALR3d
1226.

sources are invalid unless very serious consequences will result from the proposed extraction.

*Dilley & Dilley* (by *Robert W. Dilley*), for plaintiffs.

*Varnum, Riddering, Wierengo & Christenson* (by *Thomas J. Heiden*), and *Freihofer, Oosterhouse, Deboer & Barnhart* (by *Walter B. Freihofer*), for defendants.

ON REMAND

Before: ALLEN, P.J., and D. F. WALSH and BEASLEY, JJ.

D. F. WALSH, J. Plaintiffs brought this action to challenge the defendant township's zoning decision which prohibited the extraction of gravel on agriculturally zoned land. The circuit court ruled in favor of the defendants. On appeal, citing *Certainteed Products Corp v Paris Twp,* 351 Mich 434; 88 NW2d 705 (1958), plaintiffs argued that a landowner may not be deprived of his right to extract minerals from his property unless consequences of the most serious nature will result from the process of extraction.

In affirming the trial court we ruled that *Certain-teed Products Corp, supra,* was a "preferred use" case, see *Bristow v City of Woodhaven,* 35 Mich App 205; 192 NW2d 322 (1971), that the Supreme Court had expressly overruled the "preferred use" doctrine in *Kropf v Sterling Heights,* 391 Mich 139; 215 NW2d 179 (1974), and that the appropriate standards for determining the constitutional validity of all municipal zoning ordinances are those expressed in *Ed Zaagman, Inc v*

*City of Kentwood,* 406 Mich 137, 153-154; 277 NW2d 475 (1979).

The Supreme Court reversed, reaffirming the rule of *Certain-teed Products Corp, supra,* "that zoning regulations which prevent the extraction of natural resources are invalid unless 'very serious consequences' will result from the proposed extraction". *Silva v Ada Twp,* 416 Mich 153, 156; 330 NW2d 663 (1982). The case was remanded to us for application of that standard.

At the outset we note that in our original opinion we acknowledged that we found plaintiffs' arguments relating to the *Certain-teed Products Corp* standard persuasive. We declined to apply that standard, however, because we concluded that we were required to apply the *Kropf-Zaagman* standards. We have now again carefully reviewed the very comprehensive record. We are persuaded that the extensive proofs offered by the plaintiffs at trial established that there are valuable natural resources on the property sought to be rezoned and that no "very serious consequences" would result from their extraction.

The trial court is reversed. Defendant township is ordered to rezone the plaintiffs' property so as to permit the extraction of gravel subject to the conditions proposed by the plaintiffs in their second application for rezoning filed March 21, 1978.